998

Richard L. TIBBETTS, Appellant
(Defendant below),

v.

Opal I. TIBBETTS, Appellee
(Plaintiff below).

No. 3578.

Supreme Court of Wyoming.

June 1, 1967.

Bruce P. Badley, Sheridan, for appellant.

James E. Birchby, of Birchby & Birchby, Sheridan, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE and PARKER, JJ.

Mr. Chief Justice HARNSBERGER delivered the opinion of the court.

Although each of counsel for the parties has attempted to inject various matters extraneous to those necessary for determination of the correctness of the trial court's order which is appealed from by Richard L. Tibbetts, the simple fact is that the parties were divorced by a decree which affirmatively found both parents to be fit and proper persons to have the care and custody of their minor child and which specifically decreed: (1) Neither party should be relieved from their obligations to support and provide for the child; (2) the mother should have the care, custody and control of the child with prescribed visitation rights accorded the father; (3) the father pay a certain sum monthly toward the support, maintainance, and education of the child, as well as hospital, physician fees, dental expense, cost of eyeglasses, drugs, and medications; (4) a setting over to the mother of specific properties; (5) a retention of jurisdiction over the child; and (6) that the parties bear their own costs and attorneys' fees.

The former wife then sought to have the defendant, her former husband, adjudged in contempt for failure to observe the decree's requirements, and her former husband sought modification of the custodial provisions of the decree, alleging changes in circumstances for the reason that the custody provisions were provided merely by stipulation of the parties and were never adjudicated upon the merits. He is in error,

as the trial court not only made express findings relating to that matter, but also made specific decrees affecting custody of the child. We therefore accord no merit to this contention of appellant.

The court found appellant guilty of the contempt charged but decided he had purged himself and dismissed appellant's petition for modification of the custody provisions of the divorce decree.

It is from this dismissal that the father of the child has appealed claiming the trial court erred in not changing the child's custody inasmuch as material facts were shown which constituted a change in circumstances bearing upon the welfare and best interest of the child.

Those material facts are claimed to be:

1. That the mother's present husband has four children of his own; and

2. That these four children, together with the mother's four children by a former marriage, plus the child of its quarreling parents make a total of nine children in the mother's household.

█ Aside from reiterating the law of this State that the prime, if not the sole, judicial objective respecting custody of a minor child is to serve the best interest of the child, there is an absence in brief and oral argument of any claim of changed condition other than that there has been an increase in the number of children in the mother's household. Certainly the evidence in the record fails to show any other change affecting the child's circumstances and condition.

Of course there was conflicting evidence respecting the home facilities provided by the mother and her present husband, and the father attempted to show that the child was at times left unattended; that a proper sleeping accommodation was not provided; that the mother and her husband frequented bars; that they had received welfare payments; and that the family stayed at a public park and had no proper house, but all of this was explained or contradicted by testimony favorable to the mother, and it was shown that her new husband had been almost continuously employed in gainful occupations; that both the mother and her husband capitalized upon their musical talents to supplement the family income by performing in night clubs; that the child was not left unattended but was left in the care of a fourteen or fifteen-year-old child of the husband who was frequently employed by others as a "baby sitter"; that the staying at the public park and meager sleeping and other facilities were merely temporary while the mother and her husband were seeking and arranging for a suitable house.

█ The trial court did not abuse its discretion in deciding there was no such material change in circumstance as to require a modification of the custodial provisions of the divorce decree.

█ We also note the mother of the child has requested we award her attorney fees. The lower court saw fit to deny the mother any allowance for attorney fees. We are disposed to accept this as the trial court's determination that the modification petition had not been improperly prosecuted and that the mother's claim of inability to employ and pay her attorney had not been established in the face of the record showing she is married to a man who appears able to provide her with necessaries, and she herself is shown to have contributed to the family income.

Affirmed.